**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6882**

KYEEM KING,

Petitioner - Appellant,

v.

STATE OF MARYLAND,

Respondent - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:23-cv-03232-JRR)

Submitted:  January 23, 2025                               Decided:  January 28, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Kyeem King, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kyeem King seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on June 17, 2024, and King had 30 days to note an appeal. Accordingly, the appeal period expired on July 17, 2024. King filed the notice of appeal on August 19, 2024.[*] Because King failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny King's motion for a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date King could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2